[No. B101020. Second Dist., Div. One. June 27, 1996.]

MALCOLM W. ANDRUSS et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
BARCLAYS BUSINESS CREDIT, INC., et al., Real Parties in Interest.

**COUNSEL**

Levin, Stein, Chyten & Schneider and Jerry H. Stein for Petitioners.

No appearance for Respondent.

Brobeck, Phleger & Harrison, Kathlene W. Lowe and John S. Baker for Real Parties in Interest.

**OPINION**

**VOGEL (Miriam A.), J.**—Malcolm and Tina Andruss, dissatisfied with their purchase of a retail automotive center, sued their broker (Van Ness & Sperry, Inc., doing business as Sperry Van Ness) and the seller (Barclays Business Credit, Inc.)[1] for fraud and rescission. Barclays filed a motion for summary judgment in which Sperry joined, and the Andrusses filed opposition. Before the motion was heard, the Andrusses and Sperry signed a

---

[1] The actual seller, ITL-CAA, Inc., a wholly owned subsidiary of Barclays, has since been dissolved, and we therefore refer to the entities collectively as Barclays.

written settlement agreement, with Sperry agreeing to pay the Andrusses $85,000 subject to two contingencies: (1) verification that there was no contractual indemnity provision between Barclays and Sperry, and (2) determination by the trial court that the settlement was made in good faith. (Code Civ. Proc., § 877.6.)[2] The settlement was *not* contingent upon a denial of the then-pending summary judgment motion.

The indemnity contingency was quickly satisfied and Sperry set a section 877.6 motion to be heard on the same day as the summary judgment motion. Barclays filed opposition to the section 877.6 motion, the parties appeared for argument, and the trial court took both motions under submission. On February 9, 1996, the court granted the summary judgment motion (thereby resolving the case in favor of both defendants) and took Sperry's section 877.6 motion "off calendar as moot" (an argument that had not been advanced by any party). On February 23, the Andrusses filed their own section 877.6 motion, explaining that their settlement with Sperry was *not* contingent upon a denial of the summary judgment motion (but was contingent upon the court's determination that the settlement was made in good faith). Barclays opposed the motion.

On March 15, at which time no judgment had been entered, the court heard argument and took the Andrusses' motion under submission. Later that day, the court ruled that it "consider[ed] its original determination to be the correct one, and again plac[ed] the motion off calendar." On April 3, the Andrusses filed a petition for a writ of mandate, asking us to compel the trial court to hear their section 877.6 motion. We issued an alternative writ, received opposition from Barclays, and heard argument. We now issue the writ.

## DISCUSSION

　According to the plain language of the statute, any party to an action in which it is alleged that two or more parties are joint tortfeasors "*shall be entitled to a hearing* on the issue of the good faith of a settlement entered into by the plaintiff . . . and one or more alleged tortfeasors" provided only that the settlement is entered before judgment is rendered. (§§ 877.6, subd. (a)(1), 877; see, e.g., *Price Pfister, Inc.* v. *William Lyon Co.* (1993) 14 Cal.App.4th 1643, 1646-1649 [18 Cal.Rptr.2d 437].) Since it is undisputed that the Andrusses settled with Sperry before judgment was rendered (indeed, it was before the hearing on the summary judgment motion), the Andrusses were absolutely entitled to a hearing on their section 877.6 motion.

---

[2]All section references are to the Code of Civil Procedure.

The trial court's conclusion that Sperry's section 877.6 motion was "moot" in light of the ruling on the summary judgment motion suggests the court believed, mistakenly, that the settlement was contingent upon a denial of the summary judgment motion. As the Andrusses' subsequent motion demonstrated, however, there was no such contingency (and we thus have no idea why the court denied their motion).[3] Had the Andrusses and Sperry wanted or intended to make their settlement contingent upon the denial of the summary judgment motion, there is no doubt in our minds but that they knew how to do so—they included two contingencies and certainly could have added a third if Sperry demanded it and the Andrusses agreed. That Sperry remembered that the summary judgment motion was pending cannot be doubted in light of the fact that Sperry promptly set its section 877.6 motion for hearing on the same day as the summary judgment motion.

We express no views on the merits of the section 877.6 motion. All we are saying, plain and simple, is that the Andrusses are entitled to have that motion heard because the statute gives them that right and because their ability to recover the $85,000 that Sperry promised to pay them turns on whether, *at the time the settlement was made,* it was made in good faith. (*Tech-Bilt, Inc.* v. *Woodward-Clyde & Associates* (1985) 38 Cal.3d 488, 499 [213 Cal.Rptr. 256, 698 P.2d 159]; *Toyota Motor Sales U.S.A., Inc.* v. *Superior Court* (1990) 220 Cal.App.3d 864, 871 [269 Cal.Rptr. 647].)[4]

## DISPOSITION

Let a peremptory writ of mandate issue directing the trial court (1) to vacate its orders taking the motions for confirmation of the settlement off

---

[3] In its response to our alternative writ, Barclays suggests the Andrusses' motion was properly denied because it was simply a disguised motion for reconsideration made untimely by subdivision (a) of section 1008. Barclays does not explain how a court can "reconsider" that which it has never "considered" in the first instance (Sperry's motion was taken off calendar and never ruled upon). (*Graham* v. *Hansen* (1982) 128 Cal.App.3d 965, 970-971 [180 Cal.Rptr. 604] [§ 1008, subd. (a) permits reconsideration of a court's *ruling* on a motion].) For similar reasons, we reject Barclays' contention that the Andrusses' petition was untimely because it was not filed within 20 days of the court's February ruling on Sperry's section 877.6 motion. Assuming an order taking a motion off calendar is subject to the same time limitations as an order granting or denying a section 877.6 motion, the Andrusses' petition was timely—their April 3 petition attacks the court's March 15 order taking their motion off calendar, not the earlier order taking Sperry's motion off calendar. (§ 877.6, subd. (e).)

[4] On April 3, 1996, oral argument was scheduled for June 25. On June 24, the Andrusses notified us by facsimile that they had that day reached an agreement with Barclays, pursuant to which Barclays would withdraw its opposition to the issuance of the writ *and* stipulate to a determination that the settlement was in fact made in good faith. Argument was waived and counsel expressed his understanding that we would proceed to render our decision. To ensure that the trial court's records reflect the parties' intent, we recommend that the stipulation be submitted to that court and an order made thereon.

calendar and (2) to schedule a hearing to determine whether the settlement by the Andrusses and Sperry was made in good faith within the meaning of section 877.6.

Ortega, Acting P. J., and Masterson, J., concurred.